EXCALIBUR EXPLORATION, INC., APPELLANT, *v.* BOARD OF TRUSTEES OF SPRINGFIELD TOWNSHIP ET AL., APPELLEES. ■

(No. 13956 — Decided June 7, 1989.)

*Geiger, Teeple, Smith & Hahn* and *Bruce E. Smith,* for appellant.

*Spahr & Sugarman* and *Kenneth G. Spahr,* for appellees.

*John K. Keller,* for *amicus curiae.*

CACIOPPO, P.J. Excalibur Exploration, Inc. ("Excalibur") filed a complaint seeking a declaratory judgment. Named as defendants were the Board of Trustees of Springfield Township and Nora Rice, the zoning inspector. Excalibur is an oil and gas drilling company that holds numerous oil and gas leases for property in Springfield Township. The Springfield Township Zoning Resolution permits exploration of oil and gas and operation of wells, only in a commercial-industrial zoned district. Excalibur sought to have the trial court declare invalid that section of the Springfield Township Zoning Resolution which limited drilling activities. The parties submitted the matter to the trial court on stipulated facts and briefs of counsel. The trial court found that the zoning resolution was a valid exercise of the township's police power.

### Assignment of Error

"The decision of the court of common pleas is erroneous as a matter of law for having failed to declare invalid the absolute prohibition by the township zoning resolution of the drilling and operation of oil and gas wells in all districts but the 'C' Commercial and 'I' Industrial Districts."

Excalibur contends that the Ohio Legislature enacted R.C. Chapter 1509 as a comprehensive scheme in order to encourage and regulate oil and gas production within the state. Specifically, Excalibur asserts that R.C. 1509.39 expressly restricts local government regulation of oil and gas activities. R.C. 1509.39 states:

"Chapter 1509. of the Revised Code or rules promulgated thereunder shall not be construed to prevent any municipal corporation, county, or township from enacting and enforcing health and safety standards for the drilling and exploration for oil and gas, provided that such standards are not less restrictive than the provisions of this chapter or the rules adopted thereunder by the division of oil and gas, and provided further that no county, or township may adopt or enforce any ordinances, resolutions, rules, or requirements relative to the minimum acreage requirements for drilling units, and minimum distances from which a new well may be drilled or an existing well deepened, plugged back, or reopened to a source of supply different from the existing pool from boundaries of tracts, drilling units, other wells, and from streets, roads, highways, railroad tracks, or the restoration or plugging of an oil and gas well. No county, or township may require any permit or license for the drilling, operation, production, plugging, or abandonment of any oil or gas well, nor any fee, bond or other security, or insurance for any activity associated with the drilling, operation, production, plugging, or abandonment of a well, except for the permit provided for in section 4513.34 of the Revised Code, and any bond or other security associated therewith."

The crux of Excalibur's argument is that the Ohio Legislature intended to preempt local government regulation of oil and gas well sites. Excalibur directs this court to the language of R.C. 1509.39 and requests this court to find that the legislature intended preemption in stating that no township may adopt resolutions "relative to the minimum acreage requirements for drilling units, and minimum distances from which a new well may be drilled * * *." We disagree that Excalibur's argument represents the legislative intent for enacting R.C. 1509.39.

The plain language of R.C. 1509.39 permits townships to enact and enforce health and safety standards for the drilling and exploration of oil and gas. R.C. 1509.39, as amended, became effective on July 25, 1980. On March 5, 1987, R.C. 519.211 became effective. R.C. 519.211 addresses limitations on township zoning power pursuant to R.C. 519.02 to 519.25 and states in part:

"Such sections do not confer any power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land owned or leased by an industrial firm for the conduct of oil or natural gas well drilling or production activities or the location of associated facilities or equipment when such oil or natural gas obtained by the industrial firm is used for the operation of its own plants."

If Excalibur is correct in arguing that the legislature intended, in 1980, to preempt townships from regulating oil and gas well site locations, then the enactment of R.C. 519.211, which became effective in 1987, is not necessary and mere surplusage.

R.C. 1.47 requires a presumption that an entire statute is intended to be effective. Therefore, the language in R.C. 519.211 is not surplusage. In properly construing these two statutes, it is clear that the legislature did not intend R.C. 1509.39 to preempt township resolutions which regulate oil and gas well site locations.

We find this preemption argument has no merit and, on that basis, overrule the assignment of error.

The trial court's judgment is affirmed.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.